IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEAN G.,[1]                                    3:20-CV-00908-BR

       Plaintiff,                     OPINION AND ORDER

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

LISA RENE LANG
Johnston Porter Law Office, PC
5200 S.W. Meadows Road
Suite 150
Lake Oswego, OR 97035
(503) 245-6309

       Attorney for Plaintiff

SCOTT ASPAUGH
Acting United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**DANIELLE R. MROCZEK**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2946

          Attorneys for Defendant


**BROWN, Senior Judge.**

     Plaintiff Sean G. seeks judicial review of a final decision
of the Commissioner of the Social Security Administration (SSA)
in which she denied Plaintiff's applications for Disability
Insurance Benefits (DIB) and Supplemental Security Income (SSI)
under Titles II and XVI of the Social Security Act.  This Court
has jurisdiction to review the Commissioner's final decision
pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **AFFIRMS** the decision
of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

     Plaintiff filed applications for DIB and SSI on August 24,
2017, alleging a disability onset date of June 7, 2013.  Tr. 224-
39.[1]  The applications were denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a

---

     [1] Citations to the official transcript of record filed by
the Commissioner on October 28, 2020, are referred to as "Tr."

2 - OPINION AND ORDER

hearing on April 1, 2019.  Tr. 29-59.  At the hearing Plaintiff amended his alleged onset date to May 5, 2017, and Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on June 24, 2019, in which she found Plaintiff is not entitled to benefits.  Tr. 13-24. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on April 20, 2020, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on June 22, 1979, and was 39 years old at the time of the hearing.  Tr. 224.  Plaintiff has a GED.  Tr. 35. Plaintiff alleges disability due to "quadriparesis, numbness, disc fusions, confusion, lack of proprioception, abnormal ambulation, multiple others, [and] ADHD."  Tr. 90.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 20-22.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th

Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance."  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe

impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

    If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also
Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.
Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

    At Step One the ALJ found Plaintiff did not engage in
substantial gainful activity after his May 5, 2017, amended
alleged onset date.  Tr. 16.

    At Step Two the ALJ found Plaintiff has the severe
impairments of "degenerative disc disease of the lumbar and
cervical spine with cervical myelopathy and spondylosis, status
postlaminectomy and fusions; obesity; and mild left hip
degenerative joint disease."  Tr. 16.  The ALJ found Plaintiff's

ADHD, anxiety disorder, and depressive disorder are nonsevere impairments.  Tr. 16.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 18.  The ALJ found Plaintiff has the RFC to perform light work except:

> [Plaintiff] can occasionally climb ramps and stairs, but not ladders, ropes, or scaffolds; he can occasionally balance, stoop, crouch, crawl, and kneel; he can do occasional overhead reaching bilaterally; he can do frequent fingering and handling with the right upper extremity; he should avoid concentrated exposure to vibration and hazards; he should be able to [alternate his] position between sitting and standing in 30-60 minute intervals, or to take a 2-3 minute stretch break at those same intervals with total sitting up to 6 hours in an 8-hour workday; and walking may be done using a one-handed ambulation device.

Tr. 19.

At Step Four the ALJ found Plaintiff cannot perform his past relevant work.  Tr. 22.

At Step Five the ALJ found Plaintiff can perform other work that exists in significant numbers in the national economy. Tr. 23.  Accordingly, the ALJ concluded Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when she (1) did not find

at Step Two that Plaintiff's sleep apnea is a medically determinable impairment; (2) partially rejected Plaintiff's testimony; (3) failed to consider the statement of Plaintiff's friend, Matthew S.; and (4) failed to include all of Plaintiff's limitations in her assessment of Plaintiff's RFC.

**I.     The ALJ did not err at Step Two.**

Plaintiff asserts the ALJ erred at Step Two when she failed to find Plaintiff's sleep apnea is a medically determinable impairment.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011). Impairments must result "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908 (2010). An impairment is medically determinable if it is diagnosed by an acceptable medical source and is based upon acceptable medical evidence. SSR 96-4p, 1996 WL 374187. *See also* 20 C.F.R. §§ 404.1513(a), 416.913(a).

An impairment is severe when it "significantly limits" a claimant's "physical or mental ability to do basic work

activities."  20 C.F.R. §§ 416.921(a), (b).

The record here does not contain any objective findings that establish Plaintiff suffers from sleep apnea.  Some of Plaintiff's medical providers indicated Plaintiff "might" suffer from sleep apnea and suggested Plaintiff undergo a sleep study, but, Plaintiff never did so.  *See, e.g.,* Tr. 627, 632, 652, 654, 657 (indicating Plaintiff "needs sleep study").  For example, in December 2017 Marck Gabr, M.D., examining physician, evaluated Plaintiff for "possible sleep-disordered breathing."  Tr. 687. Dr. Gabr recommended Plaintiff undergo a sleep study, but Plaintiff did not do so.  This is insufficient to meet Plaintiff's burden to establish that he has sleep apnea.  *See, e.g., Williams v. Astrue*, No. CV 07-101-M-JCL, 2008 WL 11393171, at *3 (D. Mont. Dec. 31, 2008), *aff'd*, 363 F. App'x 498 (9th Cir. 2010)("To the extent Williams argues the ALJ erred by ignoring the fact that she suffers from sleep apnea, she has not pointed to anything in the record establishing that she actually suffers from that impairment.  The only evidence she points to is a letter written by Dr. Ravitz in July 2003, indicating that a sleep study should be scheduled to rule out sleep apnea. Dr. Ravitz's letter certainly does not establish that she suffers from sleep apnea.").

In addition, to the extent Plaintiff relies on concentration and attention deficits found in his August 2017 examination by

Lisa Elsenbraun-Long, P.M.H.N.P., examining mental-health provider, to support his assertion that the ALJ erred, the record reflects Elsenbraun-Long attributed Plaintiff's deficits to ADHD and started him on medication.  Tr. 630.  The record indicates Plaintiff reported considerable improvement in his ability to focus and to maintain attention after he began taking medication for ADHD and that his ADHD remained well-managed on medication. *See, e.g.,* Tr. 624, 652.

The Court, therefore, concludes on this record that the ALJ did not err when she failed to find at Step Two that Plaintiff's sleep apnea is a medically determinable impairment.

## II.  The ALJ did not err when he partially rejected Plaintiff's testimony.

Plaintiff alleges the ALJ erred when she partially rejected Plaintiff's testimony.

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show his "impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show

11 - OPINION AND ORDER

that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof."  *Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so."  *Garrison*, 759 F.3d at 1014-15.  *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (same).  General assertions that the claimant's testimony is not credible are insufficient.  *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

Plaintiff testified at the hearing that he is unable to work due to pain in his "body and . . . neck, the loss of function in [his] hands, [and] lack of civility."  Tr. 37.  Plaintiff stated he has "problems with [his] grip" due to numbness in his pinky and ring fingers on both hands.  Tr. 45.  Plaintiff has problems holding his mobile phone and trouble pushing the correct "buttons

on the screen" due to "lack of proprioception."[2]  Tr. 44-45.
Plaintiff testified he would have severe neck pain if he had a
job that required him to "put[] papers in a file folder all day
long."  Tr. 45-46.  Plaintiff stated he also suffers from clonus,
which causes him to have a lack of stability.  Plaintiff
explained clonus "sometimes make[s] [his] feet pop up and down on
[his] toes" or "sometimes [when he is] walking [he will] take a
step and it will be like [his] leg disappear[s] from the hip
down."  Tr. 48.  Sometimes clonus causes Plaintiff to have "drunk
legs," which cause him to stumble.  *Id*.

    The ALJ found Plaintiff's "medically determinable
impairments could reasonably be expected to cause the alleged
symptoms," but Plaintiff's "statements concerning the intensity,
persistence and limiting effects of [his] symptoms are not
entirely consistent with the medical evidence and other evidence
in the record."  Tr. 20.  The ALJ noted Plaintiffs' activities of
daily living do not support the level of limiting effects
Plaintiff alleges.  For example, Plaintiff testified he walks
3,000 steps per day, six days per week.  Plaintiff stated he uses
social media on his mobile phone or laptop every day and plays

---

    [2] Proprioception "is the sense that lets us perceive the
location, movement, and action of parts of the body. . . .
Proprioception enables us to judge limb movements and positions,
force, heaviness, stiffness, and viscosity. It combines with
other senses to locate external objects relative to the body."
https://www.sciencedirect.com/topics/neuroscience/proprioception

video games two to four hours per day.  Tr. 41.  Plaintiff spends
two to four hours one day a week painting models and one or two
weekends per month he attends parties at which he plays Dungeons
and Dragons for four to six hours.  Plaintiff testified he took a
twelve-hour bus ride to Port Angeles the month before the
hearing.  Tr. 43.

The ALJ also noted the medical record does not support
Plaintiff's alleged level of limitation.  Specifically, the ALJ
noted after Plaintiff underwent a cervical laminectomy and fusion
in June 2017 Plaintiff experienced improvement in his condition
with physical therapy.  After 18 physical therapy sessions
Plaintiff reported only "mild pain complaints," had an improved
gait with less ataxia, and could lift "light to medium weights if
they [were] conveniently positioned."  Tr. 652, 700, 1340, 1381,
1416, 1477.  On April 2, 2018, Plaintiff reported "no particular
pain complaints" and "no giving way (hips or ankle)."  Tr. 1472.
On April 16, 2018, Plaintiff stated he "can read as much as I
want with slight pain in my neck."  Tr. 1477.  In December 2018
Plaintiff "averag[ed] 3k steps per day.  Even got up to 7k a few
days."  Tr. 1502.

The Court concludes on this record that the ALJ did not err
when she partially rejected Plaintiff's testimony regarding the
intensity, persistence, and limiting effects of his symptoms
because the ALJ provided clear and convincing reasons supported

by substantial evidence in the record for doing so.

**III. The ALJ erred when he failed to consider the lay-witness statement of Plaintiff's friend Matthew S., but the error is harmless.**

Plaintiff alleges the ALJ erred when he failed to consider the lay-witness statement of Matthew S.

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* at 1056.

On October 20, 2017, Matthew S. filled out a Third-Party Adult Function Report in which he noted Plaintiff is "unstable on his feet," he "becomes very fatigued," and he "has numbness in

15 - OPINION AND ORDER

his hands that limit his dexterity." Tr. 268.  Matthew S. noted
Plaintiff plays video games, texts, uses social media, and uses
email daily; paints and plays table games weekly; and plays
Dungeons and Dragons and role playing games monthly.  Matthew S.
reported Plaintiff can walk 200 feet before needing to stop and
rest and uses a cane to walk.  Tr. 274.

The ALJ failed to discuss Matthew S.'s Third-Party Function
Report, which Defendant concedes is error.  Matthew S.'s report,
however, is substantially similar to Plaintiff's testimony, and
the Court has already concluded the ALJ did not err when she
partially rejected Plaintiff's testimony because the ALJ provided
support for her opinion based on substantial evidence in the
record.  The Court, therefore, concludes the ALJ's error was
harmless because the Court concludes "no reasonable ALJ, when
fully crediting the testimony, could have reached a different
disability determination." *Stout*, 454 F.3d at 1056.

**IV.  The ALJ did not err at Step Three.**

Plaintiff alleges the ALJ erred at Step Three when she
failed to include all of Plaintiff's limitations in her
assessment of Plaintiff's RFC.  Specifically, Plaintiff alleges
the ALJ failed to include limitations identified by Plaintiff and
Matthew S.

The Court has already concluded the ALJ did not err when he
rejected portions of limitations asserted by Plaintiff and

16 - OPINION AND ORDER

Matthew S.  On this record, therefore, the Court also concludes ALJ did not err when she did not include those limitations in her assessment of Plaintiff's RFC.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 7th day of December, 2021.


                              /s/ Anna J. Brown


                              _____
                              ANNA J. BROWN
                              United States Senior District Judge

17 - OPINION AND ORDER